George G. Bernhard, J.
This is an application pursuant to section 4403 of the Education Law for an order of this court providing for transportation and tuition of Daniel Tobias, age 12, at High Valley School, a private institution of learning, at public expense. The sum and substance of his parents’ petition is that by virtue of Daniel’s disabilities, an adequate program of education is not available to him in the public schools of Dutchess County. This is contradicted by respondent, Board of Co-operative Educational Services of Dutchess County (hereinafter referred to as "BOCES”), which urges that an adequate program can be provided for this child at its facility on the Salt Point Turnpike, Town of Poughkeepsie.
This proceeding is governed, among other things, by the provisions of article 89 of the Education Law, which articulate the principles and procedures of educating handicapped children at public expense. (Education Law, §§ 4401-4409.) There has been exhaustive testimony to establish that although Daniel is physically normal and possesses superior intellectual faculties, he has a disabling personality disorder. It is manifested by compulsive talking and other activities, which were so disruptive as to cause the Wappinger Central School District, of which he is a resident, to determine that its facilities were unable to cope with the child and educate him in 1971. At that time, he was placed in a school operated by BOCES. Two years later in 1973, it was determined that BOCES was not suitable for the child and he was placed in the Astor Day Treatment Center, a private eleemosynary institution utilizing public support.
In the 1973-1974 school years, he attended the Astor Day Treatment Center, whose officials characterized him as an unusual case. Although possessed with intellectual powers far above his years, his emotional structure was such that he could not cope with fellow students in a normal manner. His compulsive talkativeness would subject him to retaliation by his peers in a usual class setting. Their opinion is that he would be best taught in a small, intimate, permissive setting exposed to challenging school work with the pace being met by himself. In essence, he does well in his own withdrawn way if he does not have to cope with classmates or a classroom schedule.
After having outgrown the academic levels of the Astor Day Treatment Center, it was recommended that he attend High Valley School, an informal, permissive, private institution *899 handling perhaps 20 disturbed children. The question is whether this is to be done at public expense.
The school itself is in a rural setting utilizing a converted barn and other structures. It is intended not to look like a school. This view is shared by representatives of BOCES and the New York State Education Department whose reports can be described as negative if not catastrophic. One quote is memorable: "This writer asked which foreign language was being offered senior high school students and was told that there was no one on staff who could teach same. However, Mrs. Smythe said that there was a kitchen helper who spoke Spanish.”
However, the testimony of persons engaged in the psychological field, particularly representatives of the Astor Clinic, is favorable to High Valley School. The thrust of their testimony was that Daniel is an unusual case, who requires special individual teaching, and that they’re well pleased with what is furnished him at High Valley School. But on the other hand, they showed no detailed knowledge of the program that would be set up for this child’s education at BOCES, so as to rule out the likelihood that he would receive an adequate program of education there.
By the same token, the educators at BOCES were extremely negative of the standards and format at High Valley School, but they were unable to gainsay the apparent success that High Valley School has had with respect to this child.
Nevertheless, the issue in this proceeding is not which school can provide the best possible education for Daniel Tobias. There are many parents who feel qualified to make application to nationally known preparatory schools, or equally fine private institutions for the education of young ladies. As it happens, the costs of attendance at such fine private institutions are beyond the means of most parents who must be content with the best efforts of the local public school system supported by their taxes. Those who feel that the best education for their children can be obtained in a private school system are generally relegated to private sources of funds. So too, in the area of handicapped children, particularly in the grey area of those afflicted with personality disorders as opposed to physical or retardation handicaps, involved parents may well wish to send their children to the places where they feel they will best realize the child’s potential. But the issue in this application is whether or not an *900 adequate program can be furnished by BOCES which has been delegated by the Wappingers School District to provide specialized education. (Education Law, § 4407, subd 1.) It is only upon a finding that BOCES cannot furnish an adequate (not necessarily optimum) education, that this court can justify an order requiring this child to be educated in a private school at public expense.
Petitioners have not established to the court’s satisfaction that BOCES is inadequate. Accordingly, the petition is denied.